1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9
10
11

CHRISTIAN P. MANLEY DDS; CONNIE M. MANUEL DDS; and KATHLEEN R. SATURAY DDS, individually and on behalf of all others similarly situated,

No.

12

Plaintiffs,

COMPLAINT – CLASS ACTION

13

v.

JURY DEMAND

14
15

ASPEN AMERICAN INSURANCE COMPANY,

16

Defendant.

17

## I.    INTRODUCTION

18
19
20
21
22
23
24

Plaintiffs, Christian P. Manley DDS, Connie M. Manuel DDS, and Kathleen R. Saturay, DDS, ("Plaintiffs"), individually and on behalf of all other similarly situated members of the defined national class, and the defined Washington state subclasses (collectively, the "Class Members"), by and through the undersigned attorneys, bring this class action against Aspen American Insurance Company ("Defendant" or "Aspen") and allege as follows based on personal knowledge and information and belief:

25
26

COMPLAINT – CLASS ACTION - 1

## II.    JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one member of the proposed Class and Subclass is a citizen of a state different from that of Defendant, the proposed Class and Subclass each consist of more than 100 class members, and the aggregate amount in controversy exceeds $5,000,000. The Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

2.      This Court has personal jurisdiction over Defendant because Defendant is registered to do business in Washington, has sufficient minimum contacts in Washington, and otherwise intentionally avails itself of the markets within Washington through its business activities, such that the exercise of jurisdiction by this Court is proper. Moreover, the claims of Plaintiffs and all of the Washington Subclass Members in this case arise out of and directly relate to Defendant's contacts with Washington.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because the Court has personal jurisdiction over Defendant, a substantial portion of the alleged wrongdoing occurred in this District and the State of Washington, and Defendant has sufficient contacts with this District and the State of Washington.

4.      Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims at issue in this Complaint arose in this District. Plaintiffs' places of business are in King County. This action is therefore appropriately filed in this District.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

### III.    PARTIES

5.    Plaintiff Christian P. Manley DDS operates a dental business having location at 710 NW Juniper Street #202, Issaquah, WA 98027 ("Manley").

6.    Plaintiff Connie M. Manuel DDS operates a dental business having location at 6725 Greenwood Ave. N., Seattle, WA 98103 ("Manuel").

7.    Plaintiff Kathleen R. Saturay DDS operates a dental business having location at 3222 California Ave. SW, Suite 121, Seattle, WA 98116 ("Saturay").

8.    Defendant Aspen American Insurance Company is an insurance carrier incorporated and domiciled in the State of Texas, with its principal place of business located in Rocky Hill, Connecticut.

9.    Defendant Aspen is authorized to write, sell, and issue business insurance policies in all fifty states, the District of Columbia, Puerto Rico and the Virgin Islands. Defendant conducted business within Washington and these states by selling and issuing business insurance policies to policyholders, including Plaintiffs.

10.    Defendant is vicariously liable for the acts and omissions of its employees and agents.

### IV.    NATURE OF THE CASE

11.    Due to COVID-19 and a state-ordered mandated closure, Plaintiffs during a period in 2020 could not provide dental services. Plaintiffs intended to rely on their business insurance to maintain business income in case of an insured loss. This lawsuit is filed to ensure that Plaintiffs and other similarly-situated policyholders receive the insurance benefits to which they are entitled and for which they paid.

COMPLAINT – CLASS ACTION - 3

12.     Defendant issued one or more "all risk" insurance policies to Plaintiffs, including businessowners policies and related endorsements ("the Policies"), insuring Plaintiff Manley's property and business, and providing related coverages, under at least policy number D011853-13, and insuring Plaintiff Manuel's property and business, and providing related coverages, under at least policy number D022493-13, and insuring Plaintiff Saturay's property and business, and providing related coverages, under at least policy number D010431-08.

13.     Plaintiffs' business property includes property owned and/or leased by Plaintiffs and used for their specified business purposes, for general business purposes, and for the specific purpose of dental orthodontics and other related business activities. Access to some or all of this property and premises was prohibited by the governmental response to COVID-19.

14.     Plaintiffs' business property includes dental equipment, chairs, suites, and other related equipment and property for professional and customer use during delivery of dental care.

15.     Defendant promised to pay Plaintiffs for "ALL RISK OF DIRECT PHYSICAL LOSS" to covered property, and includes coverage for "partial or total loss of or damage to" covered property.

16.     Defendant Aspen's insurance policies issued to Plaintiffs include Practice Income Coverage, Extra Expense Coverage, Extended Practice Income Coverage and Civil Authority Coverage.

17.     On information and belief, Defendant and affiliated entities owned by the same parent company issued materially identical policies to thousands of businesses throughout Washington and in other states.

18.     Plaintiffs paid all premiums for the coverages when due.

COMPLAINT – CLASS ACTION - 4

19.     On or about January 2020, the United States of America saw its first cases of persons infected by COVID-19, which has been designated a worldwide pandemic.

20.     COVID-19 is a highly contagious virus that rapidly and easily spreads; it continues to spread across the United States, including in the State of Washington.

21.     In many infected persons, COVID-19 causes severe illness and requires hospitalization, including intubation. The virus has killed over 500,000 people in the United States to date. Persons who survive the virus have experienced ongoing cognitive, neurological, and physical impacts from the virus, even after the virus is no longer actively detected in their bodies.

22.     The COVID-19 virus is a physical substance that spreads from person to person through respiratory droplets that reach another person and that are produced when an infected person breathes, talks, coughs, or sneezes. It also spreads when virus respiratory droplets are exhaled and aerosolized, and deposited on a surface or object (e.g., tables, chairs, bar stools, microphones, glassware, kitchen and culinary equipment, door knobs, touch screens, computer keyboards, and writing or eating utensils) and those objects are then touched by another person who then touches their own mouth, nose, or eyes. COVID-19 is caused by a novel (new) coronavirus that has not previously been seen in humans.[1]

23.     COVID-19 remains stable and transmittable in aerosols for up to three hours and up to two or three days on surfaces. Persons infected with COVID-19 can be asymptomatic yet still spread the virus. Guidance issued by the Centers for Disease Control and Prevention ("CDC") recommends avoiding indoor activities, adhering to strict sanitation protocols, and

---

[1] *See, e.g., Coronavirus (COVID-19): Frequently Asked Questions*, CDC (updated Mar. 1, 2021), https://www.cdc.gov/coronavirus/2019-ncov/faq.html.

COMPLAINT – CLASS ACTION - 5

maintaining social distance of at least six feet from others in order to minimize the spread of COVID-19.[2]

24.    The CDC also recognizes that "dental settings have unique characteristics that warrant specific infection control considerations," and that the most critical dental services must be prioritized in a way that minimizes harm to patients from delaying care while minimizing harm to personnel and patients from potential exposure to COVID-19 infection.[3]

25.    The CDC reports that people can become infected with the COVID-19 virus through airborne transmission, especially in enclosed spaces with inadequate ventilation, and thus, people farther than six feet apart can become infected by tiny droplets and particles that float in the air for minutes and hours. The virus can spread this way and infect other persons even after the infected person has left the area.[4]

26.    In March 2020, the American Dental Association (ADA) recommended that dental providers close their offices for all but emergency care.[5] Upon expiration of that guideline in April 2020, the ADA recommended that dental providers keep their offices closed to all but urgent and emergency procedures.[6]

27.    Public health data throughout the United States, and on a state-by-state basis, shows that COVID-19 has been detected in every state.

---

[2] See Coronavirus (COVID-19): Personal and Social Activities, CDC (updated Feb. 19, 2021), https://www.cdc.gov/coronavirus/2019-ncov/daily-life-coping/personal-social-activities.html.

[3] Coronavirus Disease 2019 (COVID-19): Guidance for Dental Settings, Centers for Disease Control & Prevention (updated August 28, 2020), https://www.cdc.gov/coronavirus/2019-ncov/hcp/dental-settings.html.

[4] Coronavirus Disease 2019 (COVID-19): How Coronavirus Spreads, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-covid-spreads.html (last visited Oct. 6, 2020); see also https://www.washingtonpost.com/health/2020/10/05/cdc-coronavirus-airborne-transmission/

[5] American Dental Association press room releases: https://www.ada.org/en/press-room/news-releases/2020-archives/march/ada-calls-upon-dentists-to-postpone-elective-procedures (last visited September 24, 2020).

[6] American Dental Association press room releases: https://www.ada.org/en/press-room/news-releases/2020-archives/april/summary-of-ada-guidance-during-the-covid-19-crisis (last visited September 24, 2020).

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

28.    The first confirmed case of COVID-19 in King County was noted on January 21, 2020.[7]

29.    Public health data throughout the United States shows the number of COVID-19 tests administered, the rate of positive testing, the numbers of persons diagnosed with COVID-19, the number of persons hospitalized due to COVID-19, the number of deaths from COVID-19, and other related statistics, by state, county, and sometimes by city.[8]

30.    As of March 11, 2021, at least 327,672 individuals in the State of Washington have tested positive for COVID-19, 20,212 have been hospitalized, and 5,107 have died due to the COVID-19 virus.[9]

31.    As of March 11, 2021, at least 83,651 individuals in King County have tested positive for COVID-19, 5,193 have been hospitalized, and 1,435 have died due to the COVID-19 virus.[10]

32.    The presence of any COVID-19 aerosolized or suspended droplets or particles in the air or otherwise circulating in an indoor environment renders that physical space, or physical property, unsafe and unusable.

33.    The presence of any COVID-19 aerosolized or suspended droplets or particles in the air or otherwise circulating in an indoor environment causes direct physical damage to property and/or direct physical loss of property.

---

[7] Casey McNertney, *Coronavirus in Washington State: A Timeline of the Outbreak Through March 2020*, KIRO 7 News (updated Apr. 3, 2020, 2:03 AM), https://www.kiro7.com/news/local/coronavirus-washington-state-timeline-outbreak/IM65JK66N5BYTIAPZ3FUZSKMUE/.

[8] *See, e.g.*, *Coronavirus in the U.S.: Latest Map and Case Count*, N.Y. Times (updated Mar. 8, 2021, 2:06 PM), https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html?action=click&module=Top%20 Stories&pgtype=Homepage (reflecting COVID-19 statistics, on a state-by-state, county-by-county, and aggregated basis since March 2020).

[9] *COVID-19 Data Dashboard*, Wash. State Dep't of Health (last updated March 10, 2021, 11:59 PM), https://www.doh.wa.gov/Emergencies/COVID19/DataDashboard.

[10] *Id.*

COMPLAINT – CLASS ACTION - 7

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

34.     The presence of any COVID-19 droplets or particles on physical surfaces renders items of physical property unsafe and unusable.

35.     The presence of any COVID-19 droplets or particles on physical surfaces causes direct physical damage to property and/or direct physical loss of property.

36.     The presence of people infected with or carrying COVID-19 particles at premises renders the premises, including property located at that premises, unsafe and unusable, resulting in direct physical damage and/or direct physical loss to the premises and property.

37.     Loss of functionality of property that has not been physically altered constitutes direct physical loss of property and/or direct physical damage to property.

38.     On February 29, 2020, Washington Governor Jay Inslee issued Proclamation 20-05, declaring a State of Emergency for all counties in the State of Washington as a result of the COVID-19 outbreak.[11]

39.     Thereafter, Governor Inslee issued a series of proclamations and orders affecting many persons and businesses in the State of Washington, whether infected with COVID-19 or not, requiring certain public health precautions.

40.     Some local agencies acted even more quickly than the state. On February 27, 2020, the Northshore School District closed Bothell High School to completely disinfect the entire school because of concerns about the safety of school property stemming from COVID-19.[12] On March 2, 2020, Everett Public Schools Superintendent Dr. Ian B. Saltzman made a

---

[11] Proclamation 20-05 of Washington Gov. Jay Inslee (Feb. 29, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-05%20Coronavirus%20(final).pdf.
[12] *See* Michelle Reid, *Letter to Families: Bothell High School Closure*, Northshore School District (Feb. 26, 2020), https://www.nsd.org/blog/~board/superintendent-blog/post/letter-to-families-bothell-high-school-closure.

COMPLAINT – CLASS ACTION - 8

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

similar announcement closing schools, highlighting that Everett Schools would clean both schools and school buses.[13]

41.    Issued March 12, 2020, Proclamation 20-08 closed all public and private K-12 schools in King, Pierce, and Snohomish counties.[14] Issued March 13, 2020, Proclamation 20-09, "Statewide K-12 School Closures," extended the school closure to the entire state.[15]

42.    Also on March 13, 2020, Governor Inslee issued Proclamation 20-11, "Statewide Limits on Gatherings," which prohibited all gatherings of 250 people or more in all Washington counties, including King County.[16]

43.    On March 16, 2020, Governor Inslee issued Proclamation 20-13, "Statewide Limits: Food and Beverage Services, Areas of Congregation" which amended Proclamation 20-05.[17] The proclamation prohibits "any number of people from gathering in any public venue in which people congregate for purposes of . . . food and beverage service."[18] The proclamation further prohibited "the onsite consumption of food and/or beverages" in all restaurants, bars, taverns, and for catered events.[19]

---

[13] *See* Ian B. Saltzman, *Superintendent's Message, March 2, 2020*, Everett Public Schools (Mar. 2, 2020), https://www.everettsd.org/Page/32622.

[14] Proclamation 20-08 of Washington Gov. Jay Inslee (Mar. 12, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-08%20Coronavirus%20%28tmp%29.pdf.

[15] Proclamation 20-09 of Washington Gov. Jay Inslee, *Statewide K-12 School Closures* (Mar. 13, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-09%20Coronavirus%20Schools%20Amendment%20%28tmp%29.pdf.

[16] Proclamation 20-11 of Washington Gov. Jay Inslee, *Statewide Limits on Gatherings* at p. 2 (Mar. 13, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-11%20Coronavirus%20Gatherings%20Amendment%20%28tmp%29.pdf.

[17] Proclamation 20-13 of Washington Gov. Jay Inslee, *Statewide Limits: Food and Beverage Services, Areas of Congregation* (Mar. 16, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-13%20Coronavirus%20Restaurants-Bars%20%28tmp%29.pdf.

[18] *Id.* at p. 2.

[19] *Id.*

COMPLAINT – CLASS ACTION - 9

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

44.    Proclamation 20-13 further states that the pandemic "remains a public disaster affecting life, health, property or the public peace."[20]

45.    Also on March 16, 2020, Governor Inslee issued Proclamation 20-14, "Reduction of Statewide Limits on Gatherings," which prohibited all gatherings of fifty people or more in all Washington counties, including King County, and further prohibited gatherings of fewer people unless organizers of those activities complied with certain social distancing and sanitation measures.[21]

46.    On March 19, 2020, Governor Inslee issued Proclamation 20-24, "Restrictions on Non-Urgent Medical Procedures," which provided, in part:

> WHEREAS, the health care personal protective equipment supply chain in Washington State has been severely disrupted by the significant increased use of such equipment worldwide, such that there are now critical shortages of this equipment for health care workers. To curtail the spread of the COVID-19 pandemic in Washington State and to protect our health care workers as they provide health care services, it is necessary to immediately prohibit all hospitals, ambulatory surgery centers, and dental, orthodontic, and endodontic offices in Washington State from providing health care services, procedures and surgeries that require personal protective equipment, which if delayed, are not anticipated to cause harm to the patient within the next three months.[22]

47.    By order of Governor Inslee, orthodontists including Plaintiffs were prohibited from providing services but for urgent and emergency procedures.

48.    Proclamation 20-24 provides that one of the reasons it was issued was that "the worldwide COVID-19 pandemic and its progression throughout Washington State continues to

---

[20] *Id.* at p. 1.

[21] Proclamation 20-14 of Washington Gov. Jay Inslee, *Reduction of Statewide Limits on Gatherings* (Mar. 16, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-14%20COVID-19%20-%20Prohibitions%20on%20Gatherings%20%28tmp%29.pdf.

[22] Proclamation 20-05 of Washington Gov. Jay Inslee, *Restrictions on Non-Urgent Medical Procedures* (Mar. 19, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-24%20COVID-19%20non-urgent%20medical%20procedures%20%28tmp%29.pdf.

COMPLAINT – CLASS ACTION - 10

threaten the life and health of our people as well as the economy of Washington State, and remains a public disaster affecting life, health, property or the public peace."

49.     On information and belief, Proclamation 20-24 refers to the health of Washingtonians and property damage throughout Washington State, including King County where Plaintiff's business is located.

50.     On March 23, 2020, Mr. John Weisman, Secretary of Washington State's Department of Health, issued a list of directives and orders regarding healthcare matters and mandated that all healthcare practitioners, including dental practitioners, cease all elective and non-urgent medical procedures and appointments as of the close of business on March 24, 2020, and throughout the duration of the catastrophic health emergency.

51.     On March 25, 2020, the Washington State Dental Association recommended that all dental practices follow the mandates and orders of the Washington Department of Health and postpone all non-emergency or non-urgent dental procedures throughout the duration of the catastrophic health emergency.

52.     On March 23, 2020, Governor Inslee issued Proclamation 20-25, "Stay Home – Stay Healthy."[23] The proclamation, which amends prior proclamations, requires that "[a]ll people in Washington State [] immediately cease leaving their home or place of residence except: (1) to conduct or participate in essential activities, and/or (2) for employment in essential business services."[24] The proclamation prohibits "all non-essential businesses in Washington State from conducting business, within the limitations provided herein."[25]

---

[23] Proclamation 20-25 of Washington Gov. Jay Inslee, *Stay Home – Stay Healthy* (Mar. 23, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-25%20Coronovirus%20Stay%20Safe-Stay%20Healthy%20%28tmp%29%20%28002%29.pdf.
[24] *Id.* at p. 3.
[25] *Id.* at p. 2.

COMPLAINT – CLASS ACTION - 11

53.     Governor's Inslee's proclamations and orders related to COVID-19 (collectively, "the proclamations and orders") have been extended and modified from time to time.[26]

54.     In order to comply with the proclamations and orders, Plaintiffs were forced to suspend their businesses and incur extra expense.

55.     No COVID-19 virus has been detected on Plaintiffs' business premises.

56.     Plaintiffs invested in their business property, insured the business property, and insured the income derived from its business property, but Plaintiffs were deprived of their property's functionality due to the government's response to the COVID-19 pandemic.

57.     Loss caused by Governor Inslee's orders and proclamations and/or related to COVID-19 rendered Plaintiffs' property unusable for its intended and insured purpose.

58.     Governors and civil authorities in other states have issued similar orders and proclamations, for similar reasons.

59.     Plaintiffs' property sustained direct physical loss and/or direct physical property damage related to the proclamations and orders, and/or COVID-19.

60.     Plaintiffs' business and property will continue to sustain direct physical loss or damage covered by Defendant's Policies, including but not limited to business interruption, extra expense, interruption by civil authority, and other expenses.

61.     Plaintiffs suffered direct physical loss of use of the covered properties for its intended purposes.

62.     Plaintiffs' property could not be used for its intended purposes.

---

[26] *See, e.g.*, *Restaurant, Tavern, Breweries, Wineries and Distilleries COVID-19 Requirements*, Wash. Gov. Jay Inslee (updated Nov. 16, 2020), https://www.governor.wa.gov/sites/default/files/COVID19%20Phase%202%20 and%203%20Restaurant%20and%20Tavern%20Guidance.pdf?utm_medium=email&utm_source=govdelivery.

COMPLAINT – CLASS ACTION - 12

63.     As a result of the above, Plaintiffs have experienced and will experience loss covered by Defendant's Policies.

64.     Plaintiffs' suspension of their businesses in response to the proclamations and orders caused Plaintiffs to suffer a business loss.

65.     Plaintiffs complied with all requirements in the Policies.

66.     Plaintiff Manley made a claim for insurance benefits through letter from his counsel to Defendant's counsel dated November 3, 2020.

67.     Plaintiff Manuel made a claim for insurance benefits through letter from her counsel to Defendant's counsel dated November 3, 2020.

68.     Plaintiff Saturay made a claim for insurance benefits under claim number 210000235.

69.     Defendant denied Plaintiffs' claims for insurance benefits

70.     Defendant did not make a reasonable investigation of Plaintiffs' claims.

71.     Upon information and belief, Defendant has denied all claims submitted to it for business income coverage that relate to governmental proclamations or orders and/or COVID-19.

72.     Upon information and belief, Defendant has undertaken no meaningful investigation regarding whether there is any presence of COVID-19 at Plaintiffs' insured premises.

73.     Upon information and belief, Defendant has undertaken no meaningful investigation regarding the timing, scope, or impact of governmental proclamations or closure orders that affect its insured's business or business property.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

74.    Upon information and belief, Defendant has undertaken no meaningful investigation regarding the community spread of COVID-19 in the vicinity of Plaintiffs' business.

75.    Upon information and belief, Defendant has denied and will deny coverage to Plaintiffs and all other similarly situated policyholders based on Defendant's uniform policy to deny business interruption claims stemming from government closure orders related to COVID-19.

76.    Defendant's across-the-board coverage denials are not consistent with its policy language and with its obligations to investigate losses arising under its policies. Courts have found coverage or reasonable grounds for coverage during the COVID-19 pandemic in one or more ways, including based on: (1) the actual or potential presence of virus in the air in the vicinity of the policyholder's business; (2) the necessity of modifying physical behaviors through the use of social distancing, avoiding confined indoor spaces, and/or not congregating in the same physical area as others; (3) governmental orders requiring that physical spaces such as the policyholder's business be shut down or that other property not be used for its insured business purposes; and/or (4) the need to mitigate the threat or actual physical presence of virus on door-handles, tables, silverware, surfaces, in heating and air conditioning systems and any other of the places where virus may be found.

## V.    CLASS ACTION ALLEGATIONS

77.    This matter is brought by Plaintiffs on behalf of itself and those similarly situated, under Federal Rule of Civil Procedure 23(a), 23(b)(1), 23(b)(2), and 23(b)(3).

COMPLAINT – CLASS ACTION - 14

78.     Prosecuting separate actions by individual class members, in lieu of proceeding as a class action, would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant.

79.     As alleged above, Defendant has acted or refused to act on grounds that apply generally to the proposed Class and Subclasses, such that final injunctive relief or declaratory relief is appropriate.

80.     The questions of law or fact common to Class and Subclass Members predominate over any questions affecting only individual members, and a class action is superior to other methods for fairly and efficiently adjudicating this controversy.

81.     The Classes and Subclasses that Plaintiffs seek to represent are defined as:

A.     ***Practice Income Breach of Contract Class:*** All persons and entities in the United States issued one of Defendant's policies with Practice Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or other civil authorities, and whose Practice Income claim has been denied by Defendant.

B.     ***Practice Income Breach of Contract Washington Subclass:*** All persons and entities in the state of Washington issued one of Defendant's policies with Practice Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities and whose Practice Income claim has been denied by Defendant.

C.     ***Practice Income Declaratory Relief Class:*** All persons and entities in the United States issued one of Defendant's policies with Practice Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19

COMPLAINT – CLASS ACTION - 15

and/or proclamations or orders issued by Governor Inslee, other Governors, and/or civil authorities.

D.     ***Practice Income Declaratory Relief Washington Subclass:*** All persons and entities in the state of Washington issued one of Defendant's policies with Practice Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities.

E.     ***Extended Practice Income Breach of Contract Class:*** All persons and entities in the United States issued an Aspen policy with Extended Practice Income Coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Extended Practice Income claim has been denied by Aspen.

F.     ***Extended Practice Income Breach of Contract Washington Subclass:*** All persons and entities in the State of Washington issued an Aspen policy with Extended Practice Income Coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities and whose Extended Practice Income claim has been denied by Aspen.

G.     ***Extended Practice Income Declaratory Relief Class:*** All persons and entities in the United States issued an Aspen policy with Extended Practice Income Coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

COMPLAINT – CLASS ACTION - 16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

H.    ***Extended Practice Income Declaratory Relief Washington Subclass:*** All persons and entities in the State of Washington issued an Aspen policy with Extended Practice Income coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities.

I.    ***Extra Expense Breach of Contract Class:*** All persons and entities in the United States issued one of Defendant's policies with Extra Expense coverage who incurred expenses while seeking to minimize the suspension of business at the covered premises in connection with COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or other civil authorities whose Extra Expense claim has been denied by Defendant.

J.    ***Extra Expense Breach of Contract Washington Subclass:*** All persons and entities in the state of Washington issued one of Defendant' policies with Extra Expense Coverage who incurred expenses while seeking to minimize the suspension of business at the covered premises in connection with COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities and whose Extra Expense claim has been denied by Defendant.

K.    ***Extra Expense Declaratory Relief Class:*** All persons and entities in the United States issued one of Defendant's policies with Extra Expense Coverage who incurred expenses while seeking to minimize the suspension of business at the covered premises in connection with COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

COMPLAINT – CLASS ACTION - 17

L.    ***Extra Expense Declaratory Relief Washington Subclass:*** All persons and entities in the state of Washington issued one of Defendant's policies with Extra Expense Coverage who incurred expenses while seeking to minimize the suspension of business at the covered premises in connection with COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities.

M.    ***Civil Authority Breach of Contract Class:*** All persons and entities in the United States issued one of Defendant's policies with Civil Authority Coverage who suffered a suspension of their business at the covered premises related to the impact of COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Civil Authority claim has been denied by Defendant.

N.    ***Civil Authority Breach of Contract Washington Subclass:*** All persons and entities in the state of Washington issued one of Defendant's policies with Civil Authority Coverage who suffered a suspension of their business at the covered premises related to the impact of COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities and whose Civil Authority claim has been denied by Defendant.

O.    ***Civil Authority Declaratory Relief Class:*** All persons and entities in the United States issued one of Defendant's policies with Civil Authority Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

   ***P.***   ***Civil Authority Declaratory Relief Washington Subclass:*** All persons and entities in the state of Washington issued one of Defendant's policies with Civil Authority Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities.

82.   Excluded from the Classes and Subclasses are Defendant's officers, directors, agents, and employees; the judicial officers and associated court staff assigned to this case; and the immediate family members of such officers and staff. Plaintiffs reserve the right to amend the Class definition, including based on information obtained in discovery.

83.   This action may properly be maintained on behalf of each proposed Class under the criteria of Federal Rule of Civil Procedure 23.

84.   **Numerosity**: The Class Members are so numerous that joinder of all members would be impractical. Plaintiffs are informed and believe that each proposed Class and Subclass contains thousands of members. The precise number of Class Members can be ascertained through discovery, which will include Defendant's records of policyholders.

85.   **Commonality and Predominance**: Common questions of law and fact predominate over any questions affecting only individual members of the Class. Common questions include, but are not limited to, the following:

   A.   Whether the Class and Subclass Members suffered cognizable losses under the Defendant's policies;

   B.   Whether Defendant acted in a manner common to the Class and Subclass in denying claims for coverage relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

COMPLAINT – CLASS ACTION - 19

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

C.    Whether Practice Income Coverage in Defendant's policies of insurance applies to a suspension of business relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

D.    Whether Extended Practice Income Coverage in Defendant's policies of insurance applies to a suspension of business relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or civil authorities;

E.    Whether Extra Expense Coverage in Defendant's polices of insurance applies to efforts to minimize a loss relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

F.    Whether Civil Authority Coverage in Defendant's policies of insurance applies to a suspension of business relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or civil authorities;

G.    Whether Defendant carried out a blanket denial of all claims based on business interruption, income loss or closures related to COVID-19 and/or orders issued by Governor Inslee, over Governors, and/or other civil authorities.

H.    Whether Defendant has breached its contracts of insurance through a blanket denial of all claims based on business interruption, income loss or closures related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities; and

I.    Whether, because of Defendant's conduct, Plaintiffs and the Class Members are entitled to equitable and declaratory relief, and if so, the nature of such relief.

COMPLAINT – CLASS ACTION - 20

86.    **Typicality**: Plaintiffs' claims are typical of the claims of the members of the classes. Plaintiffs and all the members of the classes have been injured by the same wrongful practices of Defendant. Plaintiffs' claims arise from the same practices and course of conduct that give rise to the claims of the Class Members, are based on the same or materially similar policy forms, and are based on the same legal theories.

87.    **Adequacy**: Plaintiffs will fully and adequately assert and protect the interests of the classes and have retained class counsel who are experienced and qualified in prosecuting class actions. Neither Plaintiffs nor their attorneys have any interests contrary to or in conflict with the Class.

88.    **Federal Rule of Civil Procedure 23(b)(1), the Risk of Inconsistent or Varying Adjudications and Impairment to Other Class Members' Interests**: Plaintiffs seek adjudication as to the interpretation, and resultant scope, of Defendant's policies, which are common to all Class Members. The prosecution of separate actions by individual members of the classes would risk inconsistent or varying interpretations of those policy terms and create inconsistent standards of conduct for Defendant. The policy interpretations sought by Plaintiffs could also impair the ability of absent Class Members to protect their interests.

89.    **Federal Rule of Civil Procedure 23(b)(2), Declaratory and Injunctive Relief**: Defendant acted or refused to act on grounds generally applicable to Plaintiffs and other members of the proposed classes making injunctive relief and declaratory relief appropriate on a class-wide basis.

90.    **Federal Rule of Civil Procedure 23(b)(3), Superiority**: A class action is superior to all other available methods of the fair and efficient adjudication of this lawsuit. While the aggregate damages sustained by the classes are likely to be in the millions of dollars, the

COMPLAINT – CLASS ACTION - 21

individual damages incurred by each class member may be too small to warrant the expense of individual suits. Individual litigation creates a risk of inconsistent and/or contradictory decisions and the court system would be unduly burdened by individual litigation of such cases. A class action would result in a unified adjudication, with the benefits of economies of scale and supervision by a single court.

## VI.    CAUSES OF ACTION

### Count One—Declaratory Judgment

***(Brought on behalf of the Practice Income Coverage Declaratory Relief Class, Practice Income Coverage Declaratory Relief Washington Subclass, Extended Practice Income Declaratory Relief Class, Extended Practice Income Declaratory Relief Washington Subclass, Extra Expense Declaratory Relief Class, Extra Expense Declaratory Relief Washington Subclass, Civil Authority Declaratory Relief Class, and Civil Authority Declaratory Relief Washington Subclass)***

91.    Previous paragraphs alleged are incorporated herein.

92.    This is a cause of action for declaratory judgment pursuant to the Declaratory Judgment Act, codified at 28 U.S.C. § 2201.

93.    Plaintiffs bring this cause of action on behalf of the Practice Income Coverage Declaratory Relief Class, Practice Income Declaratory Washington Subclass, Extended Practice Income Declaratory Relief Class, Extended Practice Income Declaratory Relief Washington Subclass, Extra Expense Declaratory Relief Class, Extra Expense Declaratory Relief Washington Subclass, Civil Authority Declaratory Relief Class, and Civil Authority Declaratory Relief Washington Subclass.

94.    Plaintiffs seek a declaratory judgment declaring that Plaintiffs' and Class Members' losses and expenses resulting from the interruption of their business are covered by the Defendant's policies.

COMPLAINT – CLASS ACTION - 22

95. Plaintiffs seek a declaratory judgment declaring that Defendant is responsible for timely and fully paying all such claims.

### Count Two—Breach of Contract

***(Brought on behalf of the Practice Income Coverage Breach of Contract Class, Practice Income Coverage Breach of Contract Washington Subclass, Extended Practice Income Breach of Contract Class, Extended Practice Income Breach of Contract Washington Subclasses, Extra Expense Breach of Contract Class, Extra Expense Breach of Contract Washington Subclass, Civil Authority Breach of Contract Class, and Civil Authority Breach of Contract Washington Subclass)***

96. Previous paragraphs alleged are incorporated herein.

97. Plaintiffs bring this cause of action on behalf of the Practice Income Coverage Breach of Contract Class, Practice Income Breach of Contract Washington Subclass, Extended Practice Income Breach of Contract Class, Extended Practice Income Breach of Contract Washington Subclass, Extra Expense Breach of Contract Class, Extra Expense Breach of Contract Washington Subclass, Civil Authority Breach of Contract Class, and Civil Authority Breach of Contract Washington Subclass.

98. The policies are contracts under which Plaintiffs and the class paid premiums to Defendant in exchange for Defendant's promise to pay Plaintiffs and the class for all claims covered by the policies.

99. Plaintiffs have paid their insurance premiums.

100. Plaintiffs have been denied coverage for their losses covered by the Policies.

101. Upon information and belief, Defendant has denied, and will continue to deny coverage for Plaintiffs and other similarly situated policyholders.

102. Denying coverage for the claims is a breach of the insurance contract.

103. Plaintiffs are harmed by the breach of the insurance contract by Defendant.

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## VII.    PRAYER FOR RELIEF

1.      Class action status under Federal Rule of Civil Procedure 23.

2.      A declaratory judgment that the policy or policies cover the Plaintiffs' losses and expenses resulting from the interruption of the Plaintiffs' businesses by COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other authorities.

3.      A declaratory judgment that the Defendant is responsible for timely and fully paying all such losses.

4.      Damages.

5.      Pre-judgment interest at the highest allowable rate.

6.      Reasonable attorney fees and costs.

7.      Such further and other relief as the Court shall deem appropriate.

## VIII.   JURY DEMAND

Plaintiffs demand a jury trial on all claims so triable.

 DATED this 12th day of March, 2021.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

KELLER ROHRBACK L.L.P.

By: *s/ Amy Williams-Derry*
By: *s/ Lynn L. Sarko*
By: *s/ Ian S. Birk*
By: *s/ Gretchen Freeman Cappio*
By: *s/ Irene M. Hecht*
By: *s/ Nathan L. Nanfelt*
By: *s/ Gabriel E. Verdugo*
    Amy Williams-Derry, WSBA #28711
    Lynn L. Sarko, WSBA #16569
    Ian S. Birk, WSBA #31431
    Gretchen Freeman Cappio, WSBA #29576
    Irene M. Hecht, WSBA #11063
    Nathan Nanfelt, WSBA #45273
    Gabriel E. Verdugo, WSBA #44154
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101
    Telephone: (206) 623-1900
    Fax: (206) 623-3384
    Email: awilliams-derry@kellerrohrback.com
    Email: lsarko@kellerrohrback.com
    Email: ibirk@kellerrohrback.com
    Email: gcappio@kellerrohrback.com
    Email: ihecht@kellerrohrback.com
    Email: nnanfelt@kellerrohrback.com
    Email: gverdugo@kellerrohrback.com

***Attorneys for Plaintiffs and the Proposed Classes***

COMPLAINT – CLASS ACTION - 25

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384